IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYRONE LAMONT REED,

    Plaintiff,

  v.

JUDGE THOMAS, ALAMEDA COUNTY SUPERIOR COURT,

    Defendant.

No. C 08-5612 TEH (PR)

ORDER OF DISMISSAL AND INSTRUCTIONS TO THE CLERK

(Docket no. 2)

    Plaintiff, a prisoner currently incarcerated at the Oakland North County Jail in Oakland, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging various violations of his rights by the presiding judge during his prosecution on sexual assault charges in 2007. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A.    Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however.

1   Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

    Plaintiff alleges that Judge Thomas of Alameda County Superior Court violated his rights during his prosecution on rape charges during 2007. He complains that certain charges against him which had been dismissed were read to the jury during trial, that the judge failed to allow him to "fire" his defense attorney despite multiple requests, that Plaintiff was convicted of charges for which the judge had previously found there was insufficient evidence to hold him over for trial and that certain jurors were dismissed during his trial when he was not present.

    A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362 (1978); see, e.g., Mireles v. Waco, 502 U.S. 9, 11-13 (1991) (judge's direction to court officers to forcibly bring person before him is function normally performed by

judge and taken in aid of judge's jurisdiction over matter before him); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (judge absolutely immune for entering default judgment against prisoner who was not permitted to attend civil trial because entry of default judgment in a pending civil case is unquestionably a judicial act); Atkinson-Baker & Assocs., Inc. v. Kolts, 7 F.3d 1452 (9th Cir. 1993) (judge absolutely immune for decision to bar court reporter from continuing to provide services in case over which judge served as special master since said decision was judicial act).  Other factors in determining whether a particular act is judicial include whether: (1) the events occurred in the judge's chambers, (2) the controversy centered around a case then pending before the judge, and (3) whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001).  Ruling on a motion and exercising control over a courtroom are normal judicial functions.  Id. (judge who denied disability accommodation to litigant was absolutely immune).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. at 356-57 (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)); see also Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice); Sadorski v. Mosley, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity).

The complaint alleges claims against the state trial judge for conduct performed in the course of Plaintiff's trial, for which she is entitled to the protections of absolute immunity. Pierson, 386 U.S. at 553-55  Therefore, the

complaint presents no cognizable claim against Judge Thomas. Accordingly, this action is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim. The motion to proceed in forma pauperis is GRANTED in a separate order filed simultaneously (docket no. 2). The Clerk shall enter judgment accordingly and close the file.

Plaintiff's request for assistance in filing a writ of habeas corpus, if immediate release is not available through this action, is GRANTED. The Clerk of Court shall provide Plaintiff with a copy of the Court's form petition for a writ of habeas corpus with this order.

SO ORDERED.

DATED: 12/23/08

THELTON E. HENDERSON
United States District Judge